### REINHEIMER v. COMEGYS et al.

No. 12401—Opinion Filed Dec. 26, 1923.

1. **Insurance—Premiums—Advancement by Agent—Liability of Insured to Agent.**

Where an agent of an insurance company, at the request and for the use and benefit of the insured, pays to the insurance company the amount of the premium on an insurance policy issued to the insured, said insured thereby becomes obligated to the agent and not to the company for the amount of the premium.

2. **Same—Judgment for Agent Sustained.**

Record examined, and held, that the court properly submitted to the jury, in the instructions given, the theory of both parties, and no prejudicial error resulted by the refusal of the court to give the instructions requested by the defendant.

3. **Appeal and Error—Questions of Fact—Verdict.**

Where there is any evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Grady County; Will Linn, Judge.

Action by Comegys & Kessler, a partnership composed of E. F. Comegys and Harry Kessler, against William W. Reinheimer. Judgment for plaintiffs and defendant brings error. Affirmed.

Barefoot & Carmichael and Bailey & Hammerly, for plaintiff in error.

Bond, Melton & Melton, for defendants in error.

Opinion by JARMAN, C. This suit was commenced in the district court of Grady county by the plaintiffs, who appear here as defendants in error, against the defendant, who appears here as plaintiff in error, to recover the sum of $221.40, the balance due on the premium for a certain life insurance policy delivered to the defendant. Said cause was tried to a jury, resulting in a verdict for the plaintiffs, on which judg-

ment was rendered, and the defendant brings error.

The plaintiffs were agents for the New York Life Insurance Company, maintaining an office at Ardmore, and the defendant resided at Chickasha. On Febuary 28, 1918, the defendant made application through one of the plaintiffs, Harry Kessler, to the New York Life Insurance Company for life insurance in the sum of $10,000, and in keeping with said application, the New York Life Insurance Company issued a policy on the life of the defendant for the sum of $10,000, which was transmitted to the plaintiffs, and Mr. Kessler, representing the plaintiffs, made a trip to Chickasha for the purpose of delivering said policy to the defendant, but the defendant stated that he was not able to take the insurance for $10,000 and requested that the plaintiffs have the policy reduced to $5,000. The plaintiffs contend that Mr. Kressler, for and on behalf of the plaintiffs, agreed to return the $10,000 policy to the insurance company and have the amount of the policy reduced to $5,000 and explained to the defendant that said policy would not be in effect until the first premium was paid, which on the $5,000 amounted to $256.40; the plaintiffs allege that the defendant made a payment of $35 on the premium at the time, leaving a balance of $241.40 due. The plaintiffs allege that the defendant instructed and directed Kessler, acting for and on behalf of the plaintiffs, to pay the amount of the first premium to the insurance company so that the $5,000 policy might become effective immediately, and represented that when the policy was delivered he would repay the plaintiffs for such premium. In this connection, the following allegation, which forms the gist of the plaintiffs' action is made:

"That such payment so made by these plaintiffs to the New York Life Insurance Company of such premium was made at the request and for the use and benefit of the said defendant and the said defendant agreed to pay these plaintiffs said sum of $221.40, as they did pay such premium aforesaid."

In other words, the plaintiffs allege and contend that they paid to the insurance company the amount of the premium at the request of the defendant and for the use and benefit of the defendant, under the agreement that the defendant would pay the plaintiffs the amount of said premium upon the delivery of said insurance policy for $5,000.

The defendant, in his answer, denies that he directed or authorized the plaintiffs to

pay said premium and denies that he agreed to repay the plaintiffs the amount of said premium upon the delivery to him of the insurance policy for $5,000, but alleges that the application for said insurance was made with the understanding that when said insurance policy was issued the defendant would have the opportunity and right to examine the same, and if it met with his approval he would accept said policy and pay the premium, and that in keeping with said agreement, when the policy was examined by him, it was found to be unsatisfactory, and he so notified the plaintiffs, and, therefore, is not liable for said premium.

On the issue thus joined, evidence was introduced by both parties to support their respective contentions. The evidence of the plaintiffs and of the defendant is in sharp conflict and cannot be reconciled, but if the evidence offered by the plaintiffs is to be accepted, which was done by the jury and the trial court, then the same is sufficient to authorize and support the verdict of the jury and the judgment of the lower court, and the same would be true if the jury and trial court had taken the defendant's view of the case.

The defendant urges, as his first proposition, that no contractual relation existed between the plaintiffs and the defendant with reference to the insurance and the premium therefor. The defendant contends that the contractual relation with referenc to said insurance existed between the insurance company and the defendant and that if there were any liability for the premium in connection with the insurance policy such liability was to the insurance company and not to the plaintiffs, and cites in support of this contention the case of Chapin v. Betts, 14 C. C. (Ohio.) 335, which holds that where a party contracts with an agent of a life insurance company for a policy of insurance, the agent cannot maintain an action in his own name for the first installment of the premium agreed to be paid, and futher holding that the right of action for the recovery of such premium exists in the company or in the company's assignee of such claim and not in the agent personally. We have no fault to find with this principle of law, but the same is not applicable to the case at bar, for the reason that the plaintiffs' action in the instant case rests upon the agreement of the defendant to repay the plaintiffs the amount of the premium, if the plaintiffs would pay or satisfy the claims of the insurance company for such premium.

The defendant next complains of the court refusing to give certain requested instructions. We have carefully examined said instructions and also the instructions that were given by the court and find that the court properly and correctly submitted to the jury, under the instructions given, the theory of the defendant as well as that of the plaintiffs, and the instructions requested by the defendant are sufficiently covered by the instructions submitted by the court to the jury and no prejudicial error resulted to the defendant by the failure and refusal of the court to give said requested instruction.

The jury had an opportunity to observe the witnesses as they testified during the trial of this case in the lower court, and to observe their demeanor on the witness stand, and had a right to believe or disbelieve the theory of either party to the action in the light of the evidence produced, and we cannot say that the verdict of the jury is not supported by the evidence. In view of the almost universal rule applied by this court, that where there is any evidence reasonably tending to support the verdict of the jury the same will not be disturbed on appeal, this court would not be authorized to reverse this cause on the insufficiency of the evidence.

No error appearing, the judgment of the trial court is affirmed.

By the Court: It is so ordered.